# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-02588-AGF |
| ) | |
| MICHAEL ANELLO, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Willie Cox, Jr. for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983 against defendant Michael Anello. (Docket No. 1 at 3). He does not indicate the capacity in which Anello is sued. Defendant Anello's job or title is given as "PO," which is apparently a reference to "police officer." (Docket No. 1 at 2).

The cause of action appears to arise out of a traffic stop.[1] Plaintiff states that the date and approximate time this occurred is on the original citation; however, no copy of the citation has been attached. The "Statement of Claim" is best understood if quoted in its entirety:

> First of all, "accent lights" are not illegal in the State of Missouri. Secondly, "auxiliary" lights are not "accent" lights. The light bar, which is an "auxiliary" light and not an "accent light" was made illegal in the State of Missouri [on] July 13, 2017. On (date and approximate time on the original citation) I was parked on the southwest part of the Quick Trip parking lot when Michael Anello pulled up behind me and stayed in his vehicle for [approximately] 10 minutes[.] Then he exited his vehicle[,] walked up to my vehicle[,] and said, "The reason I pulled you over was your lights[.]" I said to Mr. Anello, "How can you pull over a parked car?" He did not answer that question, but issued me a citation for the lights that are not illegal in the State of Missouri. In doing so he breached his [fiduciary] oath thereby waiving his immunity. The case is open. Mr. [Anello] clearly violated or breached his oath! From this incident I now believe no place to be safe. When I went before the judge he ask[ed] me to talk to the prosecutor to "work something out[.]" He said he (the prosecutor) was a good guy, of course I refused. I now have a phobia about these type[s] of people.

(Docket No. 1 at 5). Attached to the complaint is a document that purports to give a brief description of his cause of action. (Docket No. 1-1 at 2). The description lists fiduciary duty violation, probable cause violation, illegal citation, no corpus delicti, no mens rea, and no actus reus.

---

[1] Since September 17, 2019, plaintiff has filed fifteen similar actions in this Court, including this one. *See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Hartman,* No. 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019), *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019), *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019), *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019), *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019), *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019), *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019), *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019), *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019), and *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019).

As a result of this incident, plaintiff seeks a total of $1.5 million in damages. (Docket No. 1 at 5). He asserts that a "clear and powerful message must be sent," because "they are making up bogus violations on the street." (Docket No. 1 at 6).

**Discussion**

Plaintiff brings this pro se civil action pursuant to 42 U.S.C. § 1983. The sole defendant named in the complaint is Michael Anello. Plaintiff does not indicate the capacity in which defendant Anello is sued.

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

Here, plaintiff does not indicate the capacity in which he is suing defendant Anello. Certainly, he has not expressly and unambiguously stated that he is suing Anello in his individual capacity. As such, the Court must presume that defendant Anello is sued in his official capacity only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that an official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Plaintiff provides scant information about defendant Anello. However, based on the allegations in the amended complaint, it is clear that Anello is employed by a police department. A police department, though, is not an entity subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that West Memphis Police Department was not a juridical entity, suable as such); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Additionally, plaintiff has not stated a claim against the municipality that employs defendant Anello. In order to prevail on an official capacity claim, the plaintiff must establish the municipal employer's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*,

883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff has not even named the municipality employing Anello, much less presented any factual allegations regarding an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. Thus, plaintiff's official capacity claim against defendant Anello must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Even if plaintiff had sued defendant Anello in an individual capacity, his complaint would still be subject to dismissal. Plaintiff does not challenge the constitutionality of the applicable traffic law. Rather, he is seeking monetary relief from defendant Anello for violating the Fourth Amendment by issuing him a traffic citation. In support of his claim, plaintiff rests on the assertion that his vehicle's lights were not illegal.

A traffic stop is legal under the Fourth Amendment if it is supported by probable cause to believe that a violation of the law has occurred. *Wren v. United States*, 517 U.S. 806, 810 (1996). *See also PPS, Inc. v. Faulkner Cty., Ark.*, 630 F.3d 1098, 1107 (8th Cir. 2011) (stating that for a plaintiff to succeed on a Fourth Amendment unlawful seizure claim, the offending officer must lack probable cause). Any traffic violation, even a minor one, creates probable cause for an officer to stop a vehicle. *United States v. Gregory*, 302 F.3d 805, 809 (8th Cir. 2002).

The standard by which a court determines whether an officer's actions are justified is an objective one. *United States v. Mallari*, 334 F.3d 765, 766-67 (8th Cir. 2003). The officer must

have an "objectively…reasonable basis for believing that the driver has breached a traffic law." *Id*. The officer's belief can be considered objectively reasonable even if it was mistaken. *United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999).

Here, plaintiff has failed to state a Fourth Amendment claim, because he has not established that defendant Anello lacked an objectively reasonable basis for confronting him and issuing him a traffic citation. While plaintiff concludes that his lights are legal under state law, it is clear from the "Statement of Claim" that defendant Anello thought they were illegal, and issued him a citation. Plaintiff focuses on the legality of his lights, but that is not the determinative factor in the traffic stop. Rather, it is whether Anello had a reasonable basis to believe that plaintiff breached a traffic law. Plaintiff's facts do not establish that Anello lacked a reasonable basis. Even if Anello was mistaken, and plaintiff's lights were legal, plaintiff still has not stated a plausible Fourth Amendment claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

                                              _/s/ Audrey G. Fleissig_
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2019.